UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN REINKE,

           Plaintiff,

  v.

ROB TERNUS, et al.,

           Defendants.

CASE NO. C24-5398 BHS

ORDER

THIS MATTER is before the Court on pro se plaintiff Brian Reinke's motion to appoint counsel, Dkt. 5. Magistrate Judge Fricke has granted Reinke *in forma pauperis* status based on his indigency, though she did not screen his complaint. Dkt. 3.

Reinke alleges that he was falsely arrested and unlawfully imprisoned in October 2022. He claims he had "zero obligation to provide his ID" and that there was "no evidence supporting the charges of burglary and DV." Dkt. 4 at 7.

Reinke now asks the Court to appoint an attorney to represent him pro bono. He asserts he has tried to contact attorneys online without success. Reinke reiterates that his rights were violated and seeks various categories of damage for the defendants' violation of his First and Fourth Amendment rights. Dkt. 5. at 4.

ORDER - 1

1         A district court may permit indigent litigants to proceed *in forma pauperis* upon
2 completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has
3 broad discretion in resolving the application, but "the privilege of proceeding *in forma*
4 *pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*,
5 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). The standard
6 governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay
7 such fees or give security therefor." A person is eligible if they are unable to pay the costs
8 of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit*
9 *II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

10        Judge Fricke has already determined that Reinke cannot afford the filing fee. Dkt.
11 3.

12        In addition, however, a court should "deny leave to proceed *in forma pauperis* at
13 the outset if it appears from the face of the proposed complaint that the action is frivolous
14 or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.
15 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).

16        An *in forma pauperis* complaint is frivolous if it has no arguable substance in law
17 or fact. *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin*
18 *v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A pro se Plaintiff's complaint is to be
19 construed liberally, but like any other complaint it must nevertheless contain factual
20 assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556
21 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
22 A claim for relief is facially plausible when "the plaintiff pleads factual content that

1  allows the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." *Iqbal*, 556 U.S. at 678.
3        Ordinarily, the Court will permit pro se litigants an opportunity to amend their
4  complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d
5  984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is
6  clear, upon de novo review, that the complaint could not be saved by any amendment.").
7        There is no constitutional right to counsel for an indigent plaintiff in a civil case
8  unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v.*
9  *Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, 28 U.S.C. § 1915(e)(1) gives
10 the Court discretion to appoint counsel for indigent litigants who are proceeding *in forma*
11 *pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir.
12 1995).
13       The Court will appoint counsel under only "exceptional circumstances." *Id.*
14 (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of
15 exceptional circumstances requires an evaluation of both 'the likelihood of success on the
16 merits and the ability of the plaintiff to articulate his claims *pro se* in light of the
17 complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331
18 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). These
19 factors must be viewed together before reaching a decision on whether to appoint counsel
20 under § 1915(e)(1). *Id.*
21       Reinke has not addressed this standard, and he has not met it. His claims are
22 purely conclusory. He has not articulated the "who what when why and how" of a

plausible claim for relief. Reinke has not yet pled a plausible claim for relief; he has simply stated that the defendants violated his rights. That is not enough to obtain *in forma pauperis* status and avoid paying the filing fee.

Nor has Reinke met the higher standard of demonstrating that he is likely succeed on the merits of his claim, which he must do for this Court to appoint an attorney to represent him at public expense. Reinke's motion for a court-appointed attorney, Dkt. 5, is **DENIED**.

Further, Reinke is **ORDERED** to **SHOW CAUSE** why his *in forma pauperis* status should not be revoked and his complaint dismissed for failure to state a plausible claim, within **21 days**. He may do so by filing an amended complaint alleging a factual narrative that adds up to a plausible claim against each defendant, as described above. What did each defendant do that violated his constitutional rights, in what way? The failure to file such an amended pleading will result in the dismissal of this case without further notice.

**IT IS SO ORDERED**.

Dated this 20th day of June, 2024.

BENJAMIN H. SETTLE
United States District Judge